Angelo Matjceei, J.
The defendant demurs to the information on the grounds that the facts stated in the charge do not constitute a violation of section 270.00 of the Penal Law and the People oppose the demurrer.
The defendant is charged with wrongfully, intentionally and knowingly violating section 270.00 of the Penal Law in that he did offer and expose for sale “IP C model rocket engines and did sell a package containing three engines to your deponent, said engines did contain sulfur, carbon and sodium or potassium nitrate which are the components of black powder which constitutes fireworks, attached hereto and made a part thereof is the laboratory analysis of the engines which is sworn to by Detective Sargeant Vincent Sullivan.” The laboratory analysis states that the • engines did contain sulfur, carbon, sodium or potassium nitrates which are the components of black powder.
Section 270.00 of the Penal Law reads as follows: Unlawfully dealing with fireworks. “ 1. Definition of ‘fireworks’. The term ‘ fireworks ’, as used in this section, is defined and declared to be and to include any blank cartridge, blank cartridge pistol, or toy cannon in which explosives are used, firecrackers, torpedoes, skyrockets, Roman candles, bombs, sparklers or other combustible or explosive of like construction, or any preparation containing any explosive or inflammable compound or any tablets or other device commonly used and sold as fireworks containing nitrates, chlorates, oxalates, sulphides of lead, barium, antimony, arsenic, mercury, nitroglycerine, phosphorous or any compound containing any of the same or other explosives, or any substances or combination of substances, or article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation, or other device containing any explosive substance. ’ ’
The court has considered the arguments of counsel and now must decide the validity of this complaint. There is no precedent directly in point with regard to model rockets and an exhaustive analysis of the statute is necessary. The definition of “ fireworks ” is specific and listed in great detail in the statute.
The People charge that the model engines are fireworks because they contain “ sulfur, carbon and sodium or potassium nitrate which are the components of black powder which constitutes fireworks.” To be valid, this charge must fall within the prohibitions of the statute by definition.
*251 The information and the attached laboratory report both state that the engines contained “ sodium or potassium nitrate ”. If they were, in fact, analyzed, the report should state with clarity whether it was sodium or potassium nitrate. The court must assume if neither were present, black powder could not be constituted. But, for our purposes, let us assume that either or both were present and it did constitute black powder. The conclusion reached that ‘ ‘ black powder constitutes fireworks ’ ’ must stand the test of the definition of the statute. It certainly does not fall into the category of sky rockets or firecrackers etc., so the People must be relying on that portion of the statute that prohibits the sale of any combustible or explosive “ or other device- commonly used and sold as fireworks containing nitrates ”.
Black powder is not commonly used and sold as fireworks and to decide otherwise would be ludicrous, to say that it is fireworks would be an extension beyond the specific intent of the statute which is not the function of the court. To label these engines as fireworks in this day and age would reduce our highly technological society to the level of juvenile pranksters. They are used in schools as experiments and in industry for testing. If the People’s contention is sustained, that it is black powder, ergo, it is an explosive or combustible and therefore it is fireworks. It would have prevented the ignition of the engine of the Wright Brothers airplane at Kitty Hawk and prevent Henry Ford from ever establishing the automobile as a means of transportation.
The court is well aware of the danger attendant upon the use of these devices by children but it is also cognizant of the fact that this should be an area of parental direction and concern. It is for the Legislature to prohibit the sale of these devices by proper statutory restraints if that be the will of the People of our great State.
It is worthy to note that the package of engines that is evidence contains a great amount of technical information and warnings on its use printed on the package. In fact, clearly printed on its face in bold letters are 1 ‘ warning, flammable, do NOT INCINERATE, KEEP OUT OF REACH OF CHILDREN ’ ’, this Same language appears on any common spray can located in our homes and we feel very safe that these warnings suffice both to adults and -children alike and protect both adults and children from any unnecessary harm.
These engines are not fireworks by definition but I am sure that if they were sold directly to a child in spite of the warning on its package the seller would be open to an infinite variety of *252 criminal charges under the Penal Law but not the sale of fireworks.
The demurrer is sustained. The information is dismissed and bail is remitted and the property is directed to be returned to the defendant.